FILED

2015 Dec-30  AM 08:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES LEE STANFORD** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.:** |
| **ASSET ACCEPTANCE, LLC, a** | ) |
| **corporation;** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's

Complaint against the Defendant states as follows:

1.     This action arises out of Defendant's repeated violations of the Fair Debt

Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]),

out of state law violations and out of the invasion of Plaintiff's personal and

financial privacy by the Defendant and its agents in its illegal efforts to collect

a consumer debt from Plaintiff that does not exist.

2.     The Plaintiff was sued for over $2,100.00 by Defendant for an alleged debt.

3.     No money was paid to Defendant Asset, instead Plaintiff agreed to a release

with Defendant Asset.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts
thereto.

4.  Defendant Asset promised to delete credit reporting on the subject account.

5.  Despite this promise, and the dismissal of the case with prejudice, Defendant Asset has continued to report the nonexistent debt as being owed.

6.  This is very similar to a case earlier this year that resulted in a judgment against Defendant Asset (*Bodiford v. Asset Acceptance*, 2:15-cv-00763-LSC, Doc. 13, Order dated July 17, 2015).

## JURISDICTION

7.  Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

8.  Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

9.  Venue is proper as Defendant does business in this judicial district.

## PARTIES

10. Plaintiff James Lee Stanford (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant Asset Acceptance, LLC, ("Defendant" or "Asset[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Delaware and has its principal place of business in Michigan.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

12. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

13. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

14. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

---

[2] "Asset" means Asset directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

15.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## The Small Claims Court Complaint

16.   On February 20, 2014, Defendant Asset sued Plaintiff in the Small Claims Court of Mobile County, Alabama, with a case number of SM-2014-900582.

17.   This suit was filed by the Parnell & Crum, PA collection law firm.

18.   In this suit, Defendant Asset asserted it was the owner of a certain debt allegedly owed by Plaintiff.

19.   Defendant Asset alleged Plaintiff owed Asset $2,165.34.

20.   Defendant Asset also claimed court costs.

21.   Plaintiff denied at all times owing to Defendant the debt sued on.

## The Lawsuit Is Dismissed With Prejudice

22.   The parties settled the lawsuit and Defendant Asset dismissed the case with prejudice.

23.   The Court entered the dismissal with prejudice on September 10, 2015.

24.   This ended the case Defendant Asset filed against Plaintiff.

## Defendant Asset Falsely Credit Reports on Plaintiff's Credit

25.   The Settlement Agreement from Defendant states "Asset Acceptance, LLC also agrees to delete any and all credit reporting information related to the alleged account."

26.   Defendant credit reported that Plaintiff owed Defendant over $2,100.00 even after the collection lawsuit was dismissed with prejudice.

27.   Defendant Asset knew, or should have known, that its credit reporting was false, violating 15 USC § 1692e(8) and state law.

28.   Defendant Asset knew that Plaintiff did not owe Defendant Asset any money on this debt.

29. Even after the case was over, Defendant Asset still reported to the credit bureaus this account as a balance being owed to Asset when Asset knew this was false.

30. Defendant Asset did not report the debt as disputed even though it knew it was disputed.

31. The reason for the false credit reporting was to attempt to force the Plaintiff into paying a debt not owed.

**Remaining Factual Allegations Against Defendant Asset**

32. Defendant Asset has misrepresented the debt as none is owed.

33. This includes the amount of the debt as none is owed.

34. This includes the legal status of the debt as none is owed.

35. At the time of the settlement Defendant Asset had no present intent to delete the credit reporting.

36. Defendant Asset intended for Plaintiff to reasonably and justifiably rely on Defendant's promise to delete in exchange for Plaintiff giving up his rights to sue Defendant Asset for the numerous violations of the law it had committed.

37. Plaintiff did in fact reasonably and justifiably rely on Defendant Asset's representations as a settlement agreement is designed to be relied upon by the parties.

38.   The misrepresentation (and suppression) of the fact about credit reporting was made intentionally, recklessly, and/or negligently by Defendant.

39.   Plaintiff has been damaged by Defendant's wrongdoing which was and is the proximate cause of Plaintiff's damages.

40.   Defendant Asset knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff would be harassed, oppressed, and abused by false credit reporting and by all other wrongful acts described in this Complaint.

41.   The debt being collected is a consumer debt as defined by the FDCPA.

42.   Plaintiff is a "consumer" as defined by the FDCPA.

43.   Defendant Asset is a "debt collector" as defined by the FDCPA.

44.   Defendant Asset has been sued in Alabama for false credit reporting on debts, including when Defendant Asset has agreed to delete credit reporting but does not.

45.   Defendant Asset has full knowledge of what it is doing by its illegal collection activities.

46.   The conduct of the Defendant Asset has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

47. It is a practice of the Defendant Asset to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

48. Defendant Asset knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

49. All actions taken by employees, agents, servants, or representatives of any type for the Defendant Asset were taken in the line and scope of such individuals' employment, agency or representation.

50. This includes collection counsel for Defendant Asset who in all ways conducted themselves in the line and scope of their agency and representation of Defendant Asset.

51. All actions taken by the Defendant Asset were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

52. Defendant Asset has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant Asset is subject to punitive damages and statutory damages and

all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

53.   Defendant Asset is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

54.   Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

55.   Defendant Asset negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

56.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.   Section 1692d states "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

58.   Defendant Asset violated Section 1692d by collecting this debt as alleged in this Complaint.

59.   Specifically, paragraphs 2-5, 10-11 and 16-54 support the 1692d claim.

60.   As a result of Defendant Asset's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Asset.

## COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

61.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.   Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

63.   Defendant Asset violated Section 1692e by collecting this debt as alleged in this Complaint.

64.   Specifically, paragraphs 2-5, 10-11 and 16-54 support the 1692e claim.

65.     As a result of Defendant Asset's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Asset.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

66.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67.     Section 1692e(2) states "The false representation of the character, amount, or legal status of any debt;"

68.     Defendant Asset violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

69.     Specifically, paragraphs 2-5, 10-11 and 16-54 support the 1692e(2) claim.

70.     As a result of Defendant Asset's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Asset.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

71.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Section 1692e(8) states "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

73. Defendant Asset violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

74. Specifically, paragraphs 2-5, 10-11 and 16-54 support the 1692e(8) claim.

75. As a result of Defendant Asset's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Asset.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

78. Defendant Asset violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

79. Specifically, paragraphs 2-5, 10-11 and 16-54 support the 1692e(10) claim.

80.     As a result of Defendant Asset's violations of the FDCPA, Plaintiff is
        entitled to actual damages; statutory damages; and reasonable attorney's
        fees, expenses and costs from Defendant Asset.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

81.     Plaintiff incorporates by reference all of the above paragraphs of this
        Complaint as though fully stated herein.

82.     Section 1692f states "A debt collector may not use unfair or unconscionable
        means to collect or attempt to collect any debt."

83.     Defendant Asset violated Section 1692f by collecting this debt as alleged in
        this Complaint.

84.     Specifically, paragraphs 2-5, 10-11 and 16-54 support the 1692f claim.

85.     It is fundamentally unfair and unconscionable to collect and credit report on
        a debt that Defendant Asset knows is not owed.

86.     This is especially true when Defendant Asset promised to delete credit
        reporting.

87.     As a result of Defendant Asset's violations of the FDCPA, Plaintiff is entitled
        to actual damages; statutory damages; and reasonable attorney's fees,
        expenses and costs from Defendant Asset.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

88.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89.    Section 1692f(1) states "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

90.    Defendant Asset violated Section 1692f(1) by collecting this debt as alleged in this Complaint.

91.    Specifically, paragraphs 2-5, 10-11 and 16-54 support the 1692f(1) claim.

92.    The alleged debt agreement does not allow collecting of a debt that is not owed.

93.    This is especially true when Defendant Asset promised to delete credit reporting.

94.    As a result of Defendant Asset's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Asset.

## COUNT VIII.

## INVASION OF PRIVACY

95. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

96. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Asset violated Alabama state law as described in this Complaint.

97. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

98. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and

confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

99. Defendant Asset intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

100. Defendant Asset intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

101. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

102. The conduct of Defendant Asset, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Asset which occurred in a way that would be highly offensive to a reasonable person in that position.

103. Defendant Asset has continued to publicly state through credit reporting that Plaintiff owes the debt to Defendant Asset when Defendant Asset knows this is untrue.

104. All of the other wrongful acts described in this Complaint (including filing a meritless lawsuit) demonstrate the wrongful scheme, plan, and design of Defendant Asset in its campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

105. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Asset.

106. Specifically, paragraphs 2-5, 10-11 and 16-54 and the paragraphs in this count support this claim.

107. All acts of Defendant Asset were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Asset is subject to punitive damages.

## COUNT IX.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

108. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

109. Defendant Asset's collectors are allowed and encouraged to break the law in order to collect debts.

110. This includes all of the violations of the law described in this Complaint.

111. Defendant Asset is aware of the wrongful conduct of its collectors.

112. Specifically, paragraphs 2-5, 10-11 and 16-54 and the paragraphs in this count support this claim.

113. Defendant Asset negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Asset is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT X.

## FRAUD

## MISREPRESENTATION AND SUPRESSION OF MATERIAL FACTS

114. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

115. Defendant Asset has misrepresented the debt as none is owed.

116. This includes the amount of the debt as none is owed.

117. This includes the legal status of the debt as none is owed.

118. At the time of the settlement Defendant Asset had no present intent to delete the credit reporting.

119. Defendant Asset intended for Plaintiff to reasonably and justifiably rely on Defendant's promise to delete in exchange for Plaintiff giving up his rights

to sue Defendant Asset for the numerous violations of the law it had committed.

120. Plaintiff did in fact reasonably and justifiably rely on Defendant Asset's representations as a settlement agreement is designed to be relied upon by the parties.

121. The misrepresentation (and suppression) of the fact about credit reporting was made intentionally, recklessly, and/or negligently by Defendant.

122. Plaintiff has been damaged by Defendant's wrongdoing which was and is the proximate cause of Plaintiff's damages.

123. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct related to the misrepresentations and suppressions of material facts has proximately caused the damages set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**




**Please serve Defendant at the following address:**

Asset Acceptance, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104